# McGinniss v. Fink.

*Partnership—Dissolution—Fraud.*

On a bill in equity for an accounting of a partnership, it appeared that plaintiff and defendant had been engaged in business, and while so engaged they executed an agreement by the terms of which plaintiff assigned to defendant his interest in the stock, good-will and fixtures of the business, agreeing, however, to remain as manager, receiving as compensation one half of the net profits of the business. It was also provided that instead of plaintiff's name, which had heretofore been used, a trade-name should be adopted. Plaintiff averred that when this agreement was executed, it was not intended to work a dissolution, that there was no consideration for it, and that he was induced to sign it as a favor to defendant, who was a sergeant of police, and who was desirous of concealing the fact that he was engaged in business. The evidence tended to establish the facts as claimed by the plaintiff. *Held*, that a decree in favor of plaintiff should be sustained.

Argued Jan. 14, 1901. Appeal, No. 218, Jan. T., 1900, by defendant, from decree of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 301, on bill in equity, in case of Michael J. McGinniss v. Adam Fink. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an account and to procure the cancelation of a writing.

The plaintiff complained in his bill that he and Adam Fink in the month of January, 1895, formed a copartnership trading as M. J. McGinniss & Company, to manufacture upholstery goods in Philadelphia. That articles of copartnership were executed and delivered, whereby defendant should furnish capital to purchase and conduct the business, while plaintiff should devote himself to the management thereof; profits and losses to be equally divided. No copy of the agreement was attached to the bill.

That the business was large and profitable, but defendant refused him access to the books or a statement therefrom, and refused him a share of the profits.

That defendant did on or about April 29, 1899, represent to plaintiff that he was a sergeant of police in Philadelphia, and that it was contrary to the rules of the department to engage

in the said business, and requested him to visit defendant's counsel to sign agreement marked exhibit "A" attached to the said bill. That he secured it upon the express agreement that his position and rights in the copartnership should not be affected thereby; that thereafter plaintiff was excluded from participation in said business and prayed for relief as follows:

1. That the agreement of April 29, 1899, be declared null and void and of no effect, and that a decree be made requiring its cancelation.

2. That an account be taken of copartnership transactions, and that respondent be decreed to pay what appeared to be due.

3. That a receiver be appointed.

4. That an injunction be awarded.

The agreement was as follows:

"Memorandum of agreement made this 29th day of April, A. D. 1899, between Michael J. McGinniss, of the City of Philadelphia, hereinafter called the party of the first part, and Adam Fink, of the said city, hereinafter called the party of the second part. Witnesseth that, whereas a certain business for the manufacture and sale of turkey-red damask, upholstery goods, etc., has been for some time past, and is at present conducted by the party of the second part trading as M. J. McGinniss & Co., at Adams Avenue and Church Street, in Frankford, in the Twenty-third Ward of the city aforesaid; that the party of the second part has at various times invested different sums of money in said business, and whereas it is now desired between the said parties hereto to enter into a more complete and certain understanding, the said party of the first part, hereby agrees to assign, transfer and set over unto the said party of the second part, all his right, title and interest in and to the stock, good-will and fixtures of said business, and all the appurtenances thereto belonging, and by these presents does hereby assign, transfer and set over unto the said Adam Fink, his executors, administrators and assigns all his right, title and interest in and to the said stock, good-will and fixtures and all the appurtenances thereto belonging, for and in consideration of the premises above mentioned, so that he, the said Adam Fink, the party of the second part, shall be the sole owner of the said business above mentioned. And the said party of the second part does hereby agree that the party of the first part

shall remain as manager until otherwise directed, of the said business, and shall have full and unrestricted and absolute power in the management and conduct of the same, and shall receive as compensation as manager as aforesaid, the salary apportioned at one half the net profits derived from the same, after all the expenses of every nature and kind are deducted therefrom, and the said party of the second part not to be liable to the said party of the first part for any other remuneration or compensation. The said party of the first part hereby agrees to refrain at all times from the use of his own name in the conduct of said business other than as manager of the same, the said business to be conducted and known as the Mercury Mills.

"In witness whereof the parties have hereunto set their hands and seals. Dated the day and year first above written.

"THE MERCURY MILLS,
"MICHAEL J. McGINNISS,
"ADAM FINK.

"Signed, sealed and delivered in the presence of us.
"A. N. FOULKROD,
"N. J. CARROW."

At the hearing the evidence supported the averments of the plaintiff's bill.

The court accordingly entered the decree prayed for in the bill.

*Error assigned* was the decree of the court.

*Albert E. Peterson*, with him *S. Walter Foulkrod*, for appellant.

*De Forrest Ballou*, for appellee.

PER CURIAM, February 18, 1901:

The testimony in this case plainly warrants the decree appealed from. The assignments of error on which the defendant relies for a reversal of the decree do not, in our opinion, afford any ground or cause for setting it aside. The decree is therefore affirmed.

Decree affirmed and appeal dismissed at the cost of the appellant.